FARMER, C.J.
We reverse the final judgment enforcing the parties’ settlement agreement because we find that the trial judge added a provision that was not part of the agreement. The agreement executed by the parties did not provide that payment of costs and attorneys fees for enforcing the agreement would be a condition for the delivery of the satisfaction of lien, the exchange of mutual *1278 general releases, and the dismissal of the claims of the respective parties.
On remand the trial court shall enter the following amended final judgment as to the enforcement of the settlement agreement:
“In accord with the Settlement Agreement of September 20, 2001, defendants H. Allen Holmes, Inc., and H. Allen Holmes, individually, shall have and recover from plaintiff Robert Spiegel the sum of $13,250, together with pre-judgment interest at the lawful rate[1] from September 20, 2001, to the date of this judgment to be paid as follows.
“Upon a tender of the sum provided in the foregoing paragraph by plaintiff to counsel for defendants, such sum shall be held by counsel in escrow until:
(i) the parties have exchanged mutual general releases of all matters by and between plaintiff and defendants;
(ii) each party has filed a dismissal of their respective claims pursuant to Florida Rule of Civil Procedure 1.420, and
(iii) defendants have delivered a Satisfaction of Lien in recordable form as to any outstanding lien existent on the real property that is the subject of defendants’ lien foreclosure action in this matter.
“Upon the complete performance of the conditions in paragraphs (i)-(iii) ■above, counsel may then release the sum to his clients.”
The trial court may add to the amended final judgment on the enforcement of the settlement agreement customary formalities and anything required by statute.
We affirm the cost judgment in all respects, specifically including the addition of post agreement interest to the settlement amount, as indicated by the foregoing paragraphs, and the award and amount of attorneys fees incurred by defendants in the enforcement of the agreement.
SHAHOOD and TAYLOR, JJ., concur.

. See § 687.01, Fla. Stat. (2003) (“In all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided for in s. 55.03.”); and § 55.03, Fla. Stat. (2003) (setting interest rate for judgments).